UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, successor to NATIONAL CITY BANK, Plaintiff, vs. GEORGE P. BROADBENT, Defendant, MARY C. BROADBENT, Garnishee-Defendant. | 1:10-cv-0546-TWP-TAB |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AVOID FRAUDULENT TRANSFERS**

**I.    Introduction**

Plaintiff is seeking to collect a $1,510,072.28 judgment from Defendant George Broadbent. [Docket No. 28.] Plaintiff initiated proceedings supplemental to execution under Federal Rule of Civil Procedure 69 and Indiana Trial Rule 69 to enforce the judgment. [Docket No. 29.] As part of the proceedings supplemental, Plaintiff filed a motion seeking to avoid $22,000,000 in allegedly fraudulent transfers from George Broadbent to his wife Mary Broadbent. [Docket No. 52.] In response, Defendant raised three objections to Plaintiff's motion: (1) a new cause of action is required because Plaintiff's motion raises new claims and damages, (2) garnishee-defendant has a right to a jury trial that must be protected, and (3) garnishee-defendant should not be required to file a response to the factual allegations in Plaintiff's motion. [Docket No. 58 at 1–2.]

Plaintiff and Defendant appeared by counsel on July 12, 2011, for a telephonic status conference and were given an opportunity to be heard on Defendant's objections and the related

issues raised in the briefs.[1] Following the conference, the parties also were permitted to file supplemental briefs, which they did. For the reasons set forth below, the Magistrate Judge recommends that Plaintiff's motion to avoid fraudulent transfers be denied without prejudice. In doing so, the Magistrate Judge further recommends that proceedings supplemental continue without a new cause of action, that garnishee-defendant's right to a jury trial be recognized and preserved, and that the parties proceed to discovery without requiring Mary Broadbent to file a response to Plaintiff's motion.

**II.     Discussion**

*A.     Allegations of new claims and damages*

Judgment-creditors in Indiana have long relied on proceedings supplemental to help enforce judgments and avoid fraudulent conveyances. *Rose v. Mercantile Nat'l Bank of Hammond*, 868 N.E.2d 772, 775 (Ind. 2007). Motions to avoid fraudulent conveyances are commonly invoked in proceedings supplemental because these claims "have for their sole purpose the removal of obstacles which prevent enforcement of a judgment . . . ." *Id.*

It is also "not uncommon to name a garnishee-defendant for the first time during proceedings supplemental." *Stuard v. Jackson & Wickliff Auctioneers, Inc.*, 670 N.E.2d 953, 955 (Ind. Ct. App. 1996). A judgement-creditor is permitted to proceed against such a third-party garnishee-defendant when she "has property of the judgment-debtor, regardless of whether the judgment-debtor himself could have pursued the garnishee-defendant or whether the

---

[1] During the July 12, 2011, telephonic status conference, Defendant withdrew a fourth objection, namely that Plaintiff's motion did not comply with Indiana Trial Rule 69's verification requirement. This Court notes that Plaintiff previously filed a verified motion on December 30, 2010. [Docket No. 29.]

garnishee-defendant was a party to the underlying lawsuit." *Id.* (explaining there is also no requirement that a court make a preliminary determination that the garnishee-defendant violated the Fraudulent Transfer Act before requiring her to appear).

Additionally, when a judgment-creditor proceeds against a garnishee-defendant, it is merely a "continuation of the original cause of action, not a new and independent civil action." *Id.* "While the action may involve a conveyance said to be fraudulent, the recovery is not for the wrong or tort. It is not in damages." *Rose*, 868 N.E.2d at 776. Instead, proceedings supplemental seek to continue the original cause of action by enforcing a previously granted judgment. *Id.* There are no new damages or judgments because if the plaintiff is successful, "the conveyances remain valid as between the grantor and grantee, and the only effect of the judgment is to subject the property to execution as though it were still in the name of the grantor." *Id.*

However, if a plaintiff introduces new claims unrelated to the enforcement of a judgment or seeks damages greater than the original judgment, plaintiff has moved the case outside the realm of proceedings supplemental and a new cause of action is required. *Id.* at 776–77. In *Rose*, a new cause of action was required because the plaintiff introduced a crime victims' claim during proceedings supplemental and sought damages for three times the original judgment. *Id.* These allegations had nothing to do with the enforcement of a judgment, so a new cause of action was required. In contrast, in this case Plaintiff only seeks to recover damages, attorney's fees, and interest that the original judgment expressly authorizes. On October 21, 2010, this Court issued a judgment against George Broadbent for $1,510,072.26 plus attorney's fees and interest. [Docket No. 28.] Plaintiff's motion only seeks to collect $1,510,072.26 plus attorney's

fees and interest. [Docket No. 52.] There is no difference in the damages sought.

It is true that the avenue of relief Plaintiff proposes is broad. Plaintiff requests that this Court find that garnishee-defendant was unjustly enriched, grant an injunction barring further fraudulent transfers, have the fraudulent transfers set aside, and appoint a receiver to manage the fraudulently transferred assets. [Docket No. 52 at 5–6.] However, despite the breath of this request, at bottom this relief merely seeks to enforce the original judgment. *See Rose*, 868 N.E.2d at 776 ("Fraudulent transfer claims have for their sole purpose the removal of obstacles which prevent the enforcement of the judgment . . . ."). In fact, Defendant concedes that "[e]very remedy PNC seeks is one provided by § 32-18-2-17 of the IUFTA . . . ."[2] [Docket No. 80 at 3.] Thus, the relief sought by Plaintiff only extends to the enforcement of a final judgment and not to new claims or new damages. A new cause of action is not required.

B.   *Garnishee-defendant's right to a jury trial*

Defendant also argues that a new cause of action should be required because a garnishee-defendant has a right to a jury trial. [Docket No. 58 at 9.] The Indiana Supreme Court has discussed this right and concluded that "because proceedings supplemental derive from equity, and because Trial Rule 69(E) consistently refers to such proceedings as 'hearings,' they should usually be 'conducted by the court.'" *Rose*, 868 N.E.2d at 776. Nonetheless, this usual practice does not completely preclude a jury trial. *Id.* For example, when an issue of fact arises as to whether the garnishee-defendant was a good faith purchaser, the parties may demand a jury trial.

---

[2]Defendant also argues that "not all of the remedies provided for in the IUFTA can be pursued within proceedings supplemental" [Docket No. 80 at 5], but Defendant does not support this proposition with any authority and does not identify which remedies are inappropriate for proceedings supplemental.

*Id.*; *McCarthy v. McCarthy*, 156 Ind. App. 416, 420 (Ind. Ct. App. 1973).

While Defendant cites plenty of authority to support the right to a jury trial in his supplemental brief [Docket No. 80], Defendant does not cite any authority to support the proposition that a jury trial is inappropriate for proceedings supplemental or that this right requires a new cause of action. In *Rose*, contrary to Defendant's assertion, the court explained that a garnishee-defendant can exercise their right to a jury trial during proceedings supplemental. *Id.*; *see also Stuard*, 670 N.E.2d at 955 (explaining that it is "not uncommon to name a garnishee-defendant for the first time during proceedings supplemental."). The only basis for a new cause of action in *Rose* was the newly alleged crime victims' claim and request for additional damages, not the garnishee-defendant's right to a jury trial. *Id.* Accordingly, questions of fact may arise for a jury to consider during proceedings supplemental. The Magistrate Judge recommends that this matter be set for a jury trial as necessary, following further proceedings.

    C.    *Garnishee's required response*

Defendant also objects to Plaintiff's request to have garnishee-defendant file a response to Plaintiff's motion. Indiana Trial Rule 69(E) states that once a proceedings supplemental is initiated by verified motion, the Court shall order the garnishee "to appear for a hearing . . . or to answer interrogatories attached to the motion, or both." The rule further states that "[n]o further pleadings shall be required." The Indiana Supreme Court has also recognized that responsive pleadings are not required under Rule 69(E). *Rose*, 868 N.E.2d at 775 (citing *Am. Underwriters, Inc. v. Curtis*, 427 N.E.2d 438, 441 n.4 (Ind. 1981)). In *American Underwriters*, the court explained that only when a new issue arises in proceedings supplemental, such as the liability of

5

an insurance carrier, is a responsive pleading required. *Am. Underwriters*, 427 N.E.2d at 441 n.4. In all other circumstances, an answer is neither required nor intended. *Id.*

In this case, there are no new issues of liability as to the garnishee-defendant since a favorable ruling on Plaintiff's motion will not render garnishee-defendant liable. As explained above, if the Plaintiff is successful in setting aside the fraudulent conveyances, "the conveyances remain valid as between the grantor and grantee, and the only effect of the judgment is to subject the property to execution as though it were still in the name of the grantor." *Rose*, 868 N.E.2d at 776. Since responsive pleadings are not required when there are no new issues of liability, the Magistrate Judge declines to recommend that garnishee-defendant be required to file a response to Plaintiff's motion.

**III. Conclusion**

The Magistrate Judge recommends that Plaintiff's motion to set aside fraudulent conveyances be denied without prejudice, to be refiled as necessary following additional proceedings, subject to the proposed procedures set forth.[3] All discovery shall be completed by January 31, 2012. A telephonic status conference is set for 10 a.m. on December 5, 2011 to discuss the status of discovery and other related matters. The parties shall appear by counsel who shall contact the Court at 317-229-3660 to participate in the conference. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause.

Dated: 08/02/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[3]The Magistrate Judge sees no benefit in allowing this motion to languish for months on end while the parties conduct extensive discovery into the underlying facts. Defendant's response to Plaintiff's motion raised several preliminary procedural-type objections that the Magistrate Judge has addressed. Discovery will provide the needed window into whether any basis exists for setting aside the disputed transfers. Once that discovery is complete, the Court anticipates Plaintiff will file a renewed motion that will raise numerous issues not included in the opening skirmish of this legal battle.

Copies to:

Thomas C. Scherer
Whitney L. Mosby
Bingham McHale LLP
tscherer@binghammchale.com
wmosby@binghammchale.com

Richard A. Kempf
Steven C. Shockley
Taft Stettinus & Hollister LLP
rkempf@taftlaw.com
sshockley@taftlaw.com